**Michael E. Farnell, OSB No. 922996**
E-mail:  mfarnell@pfglaw.com
**Gabriel J. LeChevallier, OSB No. 140553**
E-mail:  glechevallier@pfglaw.com
PATERNOSTER FARNELL & GREIN, LLP
1030 SW Morrison Street
Portland, Oregon 97205
Telephone:  (503) 222-1812
Facsimile:  (503) 274-7979

*Attorneys for Plaintiff,*
*Andersen Construction Company of Oregon, LLC*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **ANDERSEN CONSTRUCTION COMPANY OF OREGON, LLC**; an Oregon limited liability company,<br><br>     Plaintiff,<br><br>  v.<br><br>**ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY,** a Delaware insurance corporation,<br><br>     Defendant. | Case No. 3:25-cv-1878<br><br>**PLAINTIFF ANDERSEN CONSTRUCTION COMPANY OF OREGON, LLC'S COMPLAINT FOR BREACH OF CONTRACT, BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING, BREACH OF FIDUCIARY DUTY, AND NEGLIGENCE**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Andersen Construction Company of Oregon, LLC ("Andersen") files this Complaint against Defendant Endurance American Specialty Insurance Company ("Endurance") and alleges as follows:

Page 1 –  **COMPLAINT**

PATERNOSTER FARNELL & GREIN, LLP
Attorneys at Law
1030 SW Morrison Street
Portland, Oregon 97205
TELEPHONE (503) 222-1812   FAX: (503) 274-7979

## NATURE OF ACTION

1. This is an insurance coverage dispute seeking damages for breach of contract, breach of the implied covenant of good faith and fair dealing, breach of fiduciary duty, and negligence. Specifically, Endurance breached its duty to settle an underlying claim asserted against Andersen in the case captioned, *The Estate of Samantha Belle Deschenes v. Andersen Construction of Oregon, LLC*, Case No. 24CV28320 (Or. Cir. Ct.) (the "Underlying Lawsuit").

2. The Underlying Lawsuit concerns the death of an employee of an indirect subcontractor of Andersen, who tragically died in an accident during the modernization project for Bensen Polytechnic High School ("Bensen Project"), for which Andersen Construction serves as the general contractor. The underlying plaintiffs prayed for damages in the amount of $131 million.

3. As applicable to the Benson Project, Portland Public School District 1J ("PPS") purchased an owner-controlled insurance program ("OCIP"), under which Andersen was a named insured.

4. Endurance is an insurer participant in the OCIP.

5. On September 25, 2025, and with a trial scheduled for December 8, 2025 looming, plaintiffs in the Underlying Lawsuit issued a time-limited settlement demand to Andersen, offering to resolve the Underlying Lawsuit for a small fraction of the $131 million exposure. The amount demanded implicated the policies of two insurers in the OCIP, Crum & Forster and Endurance.

6. Crum & Forster agreed that the settlement amount demanded was reasonable and agreed to pay to the extent of its contractual obligations. Crum & Forster, moreover, requested that Endurance agree to pay the remaining amount necessary to enable acceptance of the

Page 2 – **COMPLAINT**

PATERNOSTER FARNELL & GREIN, LLP
Attorneys at Law
1030 SW Morrison Street
Portland, Oregon 97205
TELEPHONE (503) 222-1812   FAX: (503) 274-7979

demand. Endurance refused, despite repeated and urgent requests from Andersen that Endurance accept the demand to protect Andersen's interests, including its interest in avoiding liability exposure far in excess of the OCIP tower's total available insurance limits. The insurer immediately above Endurance in the OCIP likewise demanded that Endurance settle the case. Still, Endurance refused.

7. Although it has interposed no coverage defenses, Endurance refused to contribute even $1 to a settlement. Contrary to the advice of defense counsel for Andersen, and contrary to the conclusions of all other participants in the process that plaintiffs' demand was reasonable, Endurance simply asserted that the Underlying Lawsuit should settle for less. Endurance cited no law, let alone Oregon law, grounding its refusal to pay.

8. In refusing to settle, Endurance placed its interest above those of its insured, and in so doing breached its contractual, fiduciary, good faith, and statutory obligations. Having been abandoned by its insurer, Andersen had no option but to agree to pay the amount Endurance refused to pay, thus securing a release from plaintiffs and avoiding the risk of catastrophic liability. The terms of the settlement are confidential. Andersen will therefore seek leave of this Court to file certain documents under seal as this litigation unfolds. Andersen seeks damages resulting from Endurance's breaches of its duties.

## PARTIES

9. Plaintiff Andersen is a limited liability company organized under the laws of the state of Oregon.

10. Defendant Endurance is a foreign insurance company organized under the laws of the State of Delaware with its principal place of business in New York.

Page 3 –  **COMPLAINT**

PATERNOSTER FARNELL & GREIN, LLP
Attorneys at Law
1030 SW Morrison Street
Portland, Oregon 97205
TELEPHONE (503) 222-1812   FAX: (503) 274-7979

## JURISDICTION AND VENUE

11. This Court has jurisdiction of this matter under 28 U.S.C. Section 1332(a) because the parties are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

12. This Court has personal jurisdiction over Endurance because it issued a policy in Oregon covering liability relating to the Benson Project.

13. Venue is appropriate in this Court under 28 U.S.C. Section 1391(b) and local court rules because a substantial portion of the events or omissions giving rise to this lawsuit occurred in Multnomah County, Oregon.

## FACTUAL BACKGROUND

A. **The OCIP and the Endurance Policy**

14. Andersen is the general contractor for the Benson Project.

15. To protect itself, its general contractor, and subcontractors from liability relating to the Benson Project, PPS paid substantial premiums for an OCIP covering the period May 29, 2020 to May 29, 2025.

16. Crum & Forster issued the primary policy in the OCIP. Crum & Forster also issued a first-layer excess policy.

17. Endurance issued the second-layer excess policy above Crum & Forster "(the Endurance Policy"). The Endurance Policy follows form to, i.e. incorporates the terms of, the underlying Crum & Forster primary policy.

18. Andersen is enrolled in the OCIP and therefore qualifies as a "Named Insured" under the OCIP, including under the Endurance Policy.

Page 4 – **COMPLAINT**

PATERNOSTER FARNELL & GREIN, LLP
Attorneys at Law
1030 SW Morrison Street
Portland, Oregon 97205
TELEPHONE (503) 222-1812   FAX: (503) 274-7979

19. By virtue of following form to the Crum & Forster primary policy, Endurance promised as follows:

    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage to which this insurance applies * * *.

    b. This insurance applies to "bodily injury" and "property damage" only if:

        (1) The "bodily injury" or "property damage" is caused by an "occurrence";

        (2) The "bodily injury" or "property damage" occurs during the policy period, or during the Coverage Extension Periods as set forth under Paragraph F. of this endorsement

        (3) Prior to the policy period, no insured listed under Paragraph 1. of Section II - Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

        (4) The "bodily injury" or "property damage" arises out of construction operations performed at the Project(s) shown and as described in the Project Schedule (hereafter referred to as the Project), and pursuant to a contract involving an owner controlled insurance program or a contractor controlled insurance program, whichever is applicable.

20. The Benson Project is a designated Project under the OCIP.

B. **The Accident and the Underlying Lawsuit**

21. Like many general contractors, Andersen provides coordination, scheduling, and other services, but does not physically perform the construction work itself. In regard to the

Page 5 – **COMPLAINT**

Benson Project, Andersen engaged subcontractors to perform various aspects of the work. Some of the subcontractors, in turn, engaged sub-subcontractors to perform portions of their respective scopes of work.

22.     For a scope of work involving steel fabrication and erection, Andersen entered into a subcontract with steel fabricator Fought & Company, Inc. ("Fought"). Fought, in turn, entered into a lower-tier subcontract with steel erection company REFA Erection, Inc. ("REFA").

23.     On May 30, 2024, a REFA site superintendent assigned Samantha Deschenes and others to assist a foreman/supervisor in the relocation of building materials, including 20-foot railings. This relocation included a forklift and approximately 0.3 miles of city streets. Ms. Deschenes was an apprentice ironworker employed by REFA.

24.     Ms. Deschenes was tasked with walking in front of the forklift and holding one end of the railings to prevent them from swinging into cars, people, or other objects.

25.     Tragically, the forklift ran over Ms. Deschenes. She suffered severe injuries and died on June 1, 2024.

26.     On June 10, 2024, the Underlying Lawsuit was filed against Andersen.

27.     The underlying plaintiffs alleged violations of Oregon's Employer Liability Law, negligence per se for violations of the Oregon Safe Employment Act, and negligence.

28.     The underlying plaintiffs sought $31 million in compensatory damages. By amendment, plaintiffs later added a claim for $100 million in punitive damages.

29.     Trial was scheduled to begin on December 8, 2025.

Page 6 –  **COMPLAINT**

PATERNOSTER FARNELL & GREIN, LLP
Attorneys at Law
1030 SW Morrison Street
Portland, Oregon 97205
TELEPHONE (503) 222-1812   FAX: (503) 274-7979

C. **Endurance's Refusal to Settle**

30. Andersen followed OCIP and Bensen Project guidelines and timely gave notice of Ms. Deschene's death to the OCIP program administrator. Notice of the lawsuit was timely provided to the OCIP, including to Crum & Forster and Endurance.

31. Crum and Forster agreed to fund the defense of the Underlying Lawsuit under a reservation of rights.

32. Upon information and belief, Endurance issued no reservation of rights.

33. Nor did Endurance assert any coverage defenses with respect to its duty to indemnify Andersen in the Underlying Lawsuit.

34. Over the course of the Underlying Lawsuit, defense counsel for Andersen issued regular reports concerning the status of the case, development of the facts, analyses of the parties' competing factual and legal contentions, and opinions concerning the value of plaintiffs' claims based on trial results in other wrongful death cases. All of these reports were provided to Endurance. Following the completion of discovery, the parties agreed to mediate the Underlying Lawsuit on September 24, 2025.

35. Jim Pippin, a highly regarded mediator with extensive expertise in personal injury claims, served as the mediator.

36. Endurance participated in the mediation.

37. The September 24, 2025 mediation session did not result in a settlement. The next day, on September 25, 2025, the underlying plaintiffs issued a final settlement demand directly to Andersen and outside of mediation. The demand was set to expire on October 5, 2025, at 5 pm local time. The underlying plaintiffs stated in their demand that "[a]ny amount offered that is less than" the amount demanded "will be rejected" and that, barring acceptance of

Page 7 –  **COMPLAINT**

PATERNOSTER FARNELL & GREIN, LLP
Attorneys at Law
1030 SW Morrison Street
Portland, Oregon 97205
TELEPHONE (503) 222-1812   FAX: (503) 274-7979

the demand, plaintiffs would "proceed to trial on Dec. 8, 2025, seeking the full prayer for economic, non-economic and punitive damages."

38. The settlement opportunity arose following good faith, arms-length negotiations between counsel for the underlying plaintiffs and counsel for Andersen, a process overseen and mediated by Mr. Pippin.

39. Crum & Forster agreed that the settlement opportunity presented was reasonable and agreed to contribute to the full extent of its contractual obligations.

40. The excess insurer above Endurance in the OCIP tower likewise deemed the settlement opportunity reasonable and demanded that Endurance pay the amount necessary to seize upon the opportunity and conclude a settlement protecting both Andersen and the excess insurers.

41. Most significantly, counsel appointed by Crum & Forster to defend Andersen in the Underlying Lawsuit also agreed that plaintiffs' demand was reasonable and recommended to Crum & Forster and Endurance that it be accepted. Based on all of this, Andersen corresponded with Endurance multiple times, first requesting and then demanding that Endurance agree to fund its share of the settlement opportunity presented.

42. Instead of doing so, Endurance refused to settle and directed Andersen's defense counsel to reject plaintiffs' demand.

43. Rejecting defense counsel's long history in the Underlying Lawsuit, development of the facts, assessment of Oregon law, analysis of the strengths and weaknesses of the parties' competing positions, and considered valuation of plaintiffs' claims based on all of the foregoing, Endurance simply stated that the Underlying Lawsuit should settle for a lesser amount, more specifically, an amount that would insulate Endurance from any payment obligation of any kind.

Page 8 –  **COMPLAINT**

PATERNOSTER FARNELL & GREIN, LLP
Attorneys at Law
1030 SW Morrison Street
Portland, Oregon 97205
TELEPHONE (503) 222-1812   FAX: (503) 274-7979

44. In purporting to substitute its judgment from New York for the judgment of Oregon defense counsel in an Oregon case governed by Oregon law and to be presented to an Oregon jury in Multnomah County, Endurance selectively recited just four lines of defense advocacy, then positing "[i]t is possible that a jury will ascribe a significant percentage of fault to claimant for running in front of the forklift, possibly finding claimant 51% or more at fault, preventing her from recovering any damages from this litigation." That was theoretically possible, yes; however, unlikely. Also theoretically possible was a judgment against Andersen for $131 million.

45. In casting aside defense counsel's recommendation, dismissing the urgings of other insurers both below and above Endurance in the OCIP, and ignoring the pleas of its insured, Endurance put its financial interests above those of its insured. There was no benefit to Andersen in rejecting plaintiffs' settlement demand; the only beneficiary was Endurance. Oregon law does not permit an insurer to elevate its own interests above those of its insured. Endurance breached its contractual, fiduciary, good faith, and statutory obligations to Andersen.

46. Facing a massive exposure and an impending trial, Andersen could not responsibly rely on Endurance's self-serving and reckless gamble. Andersen therefore took the only action reasonably available to it: Andersen agreed to fund what Endurance would not, secured a settlement protecting its interests, and now commences this action seeking recovery from Endurance for all damages suffered.

### FIRST CAUSE OF ACTION
**(Breach of Contract)**

47. Andersen realleges and incorporates by reference all preceding allegations as though set forth fully herein.

Page 9 – **COMPLAINT**

PATERNOSTER FARNELL & GREIN, LLP
Attorneys at Law
1030 SW Morrison Street
Portland, Oregon 97205
TELEPHONE (503) 222-1812   FAX: (503) 274-7979

48. The requirements of Oregon's Insurance Code are terms implied in the Endurance Policy as if expressly written therein. Endurance thus has a contractual duty to settle on its insured's behalf if settlement can be achieved on reasonable terms. In addition, Endurance expressly undertook to defend and indemnify Andersen against claims falling within the scope of the OCIP's coverage.

49. Endurance's duties to defend, to settle, and to indemnify include an obligation to accept and fund reasonable settlements.

50. On information and belief, Endurance has never raised a coverage defense as to the Underlying Lawsuit and has not issued a reservation of rights.

51. Endurance received privileged defense reports, participated in mediation, and directed Andersen's defense counsel to reject plaintiffs' settlement demand.

52. Plaintiffs' settlement demand presented an opportunity to resolve the Underlying Lawsuit on terms confirmed to be reasonable by defense counsel and other insurers in the OCIP.

53. Endurance has breached its duties to defend, to settle, and to indemnify, by refusing to accept and pay the amount necessary to settle the Underlying Lawsuit.

54. As a result of Endurance's breaches, Andersen was forced to fund Endurance's share of the settlement. Endurance has not reimbursed Andersen.

55. Andersen has satisfied all conditions precedent under the Policy; alternatively, any conditions have been excused or waived as a result of Endurance's material breaches.

56. As a result of Endurance's breaches, Andersen has suffered direct economic and consequential damages in an amount to be proven at trial, but in no event less than $3 million, exclusive of interest.

Page 10 – **COMPLAINT**

PATERNOSTER FARNELL & GREIN, LLP
Attorneys at Law
1030 SW Morrison Street
Portland, Oregon 97205
TELEPHONE (503) 222-1812   FAX: (503) 274-7979

57.     Andersen is entitled to recover prejudgment interest at the statutory rate, and all of its attorney fees pursuant to ORS 742.061.

## SECOND CAUSE OF ACTION
### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

58.     Andersen realleges and incorporates by reference all preceding allegations as though set forth fully herein.

59.     The Endurance Policy contains an implied covenant of good faith and fair dealing that obligates Endurance to act in good faith in handling its obligations under the Policy and to refrain from taking any actions that interfere with Andersen's rights to enjoy the full benefits provided by the Policy and Oregon law.

60.     Endurance has a duty to defend, to settle, and to indemnify under the Policy for claims, like the Underlying Lawsuit, that fall within the scope of the Policy's coverage.

61.     Endurance's obligations of good faith and fair dealing include, without limitation, obligations to refrain from placing its interests ahead of those of its insured, to refrain from ignoring the advice of defense counsel appointed by the OCIP, to refrain from recklessly gambling on a trial with its insured's assets, and to refrain from withholding its consent to reasonable settlements.

62.     On information and belief, Endurance has never raised a coverage defense as to the Underlying Lawsuit and has not issued a reservation of rights.

63.     Endurance received privileged defense reports, participated in mediation, and directed Andersen's defense counsel to reject plaintiffs' settlement demand.

64.     Plaintiffs' settlement demand presented an opportunity to resolve the Underlying Lawsuit on terms confirmed to be reasonable by defense counsel and other insurers in the OCIP.

Page 11 – **COMPLAINT**

PATERNOSTER FARNELL & GREIN, LLP
Attorneys at Law
1030 SW Morrison Street
Portland, Oregon 97205
TELEPHONE (503) 222-1812   FAX: (503) 274-7979

65. Endurance breached its obligations of good faith and fair dealing by placing its interests ahead of those of Andersen, by ignoring the advice of defense counsel appointed by the OCIP for Endurance's own financial gain, by electing to recklessly gamble on a trial with Andersen's assets, and by withholding its consent to a reasonable settlement that would protect Andersen's interests.

66. As a result of Endurance's breaches, Andersen was forced to fund Endurance's share of the settlement. Endurance has not reimbursed Andersen.

67. Andersen has satisfied all conditions precedent under the Policy; alternatively, any conditions have been excused or waived as a result of Endurance's material breach.

68. As a result of Endurance's breaches, Andersen has suffered direct economic and consequential damages in an amount to be proven at trial, but in no event less than $3 million, exclusive of interest.

69. Andersen is entitled to recover prejudgment interest at the statutory rate and all of its attorney fees pursuant to ORS 742.061.

## THIRD CAUSE OF ACTION
### (Breach of Fiduciary Duty)

70. Andersen realleges and incorporates by reference all preceding allegations as though set forth fully herein.

71. Endurance accessed Andersen's privileged defense material, accessed Andersen's strategic defense decisions, claimed the right to control defense and settlement of the Underlying Lawsuit once Crum & Forster discharged its settlement responsibilities, participated in the mediation, directed Andersen's defense counsel, and claimed the right to commit Andersen to a trial exposing Andersen to ruinous liability.

Page 12 – **COMPLAINT**

PATERNOSTER FARNELL & GREIN, LLP
Attorneys at Law
1030 SW Morrison Street
Portland, Oregon 97205
TELEPHONE (503) 222-1812   FAX: (503) 274-7979

72. As a result of the foregoing, Endurance forged a special relationship with Andersen and subjected itself to a heightened duty of care, i.e., Endurance became Andersen's fiduciary.

73. Endurance's fiduciary obligations include without limitation, obligations to refrain from placing its interests ahead of those of its insured, to specifically refrain from claim handling for the exclusive benefit of Endurance, to refrain from ignoring the advice of defense counsel appointed by the OCIP, to refrain from recklessly gambling on a trial with its insured's assets, and to refrain from withholding its consent to reasonable settlements. These fiduciary obligations also include, without limitation, the affirmative duty to seek out settlement opportunities that protect the insured's assets, that protect the insured's reputation, that preserve insurance program limits from needless erosion or exhaustion so they are available for other existing and potential claims, and that protect the insured and its employees from the considerable economic distraction and stress of a needless trial.

74. On information and belief, Endurance has never raised a coverage defense as to the Underlying Lawsuit and has not issued a reservation of rights.

75. Plaintiffs' settlement demand presented an opportunity to protect Andersen's assets, its reputation, its insurance program limits from needless erosion or exhaustion, and the company and its employees from the economic distraction and stress of a needless trial. Endurance could accomplish all these things by seizing upon a settlement opportunity confirmed to be reasonable by defense counsel and other insurers in the OCIP. Endurance refused to do so.

76. Endurance's refusal breached its fiduciary duties owed to Andersen.

Page 13 – **COMPLAINT**

PATERNOSTER FARNELL & GREIN, LLP
Attorneys at Law
1030 SW Morrison Street
Portland, Oregon 97205
TELEPHONE (503) 222-1812   FAX: (503) 274-7979

77. As a result of Endurance's breaches, Andersen has suffered economic and noneconomic damages in an amount to be proven at trial, but in no event less than $3 million, exclusive of interest.

78. Andersen is entitled to recover prejudgment interest at the statutory rate, and all of its attorney fees pursuant to ORS 742.061.

## FOURTH CAUSE OF ACTION
### (Negligence Per Se)

79. Andersen realleges and incorporates by reference all preceding allegations as though set forth fully herein.

80. ORS 731.008 provides that the Insurance Code was enacted "for the protection of the insurance-buying public."

81. Through the Insurance Code, the Oregon legislature imposed certain obligations on insurance companies, including under ORS 746.230.

82. Under ORS 746.230, it is an unfair claims settlement practice for an insurer to, among other things,

    a. Refuse to pay claims without conducting a reasonable investigation based on all available information;

    b. Fail to affirm or deny coverage of claims within a reasonable time after completed proof of loss statements have been submitted;

    c. Not attempt, in good faith, to promptly and equitably settle claims in which liability has become reasonably clear;

Page 14 –  **COMPLAINT**

PATERNOSTER FARNELL & GREIN, LLP
Attorneys at Law
1030 SW Morrison Street
Portland, Oregon 97205
TELEPHONE (503) 222-1812   FAX: (503) 274-7979

      d.      Compel claimants to initiate litigation to recover amounts due by offering substantially less than amounts ultimately recovered in actions brought by such claimants; and

      e.      Fail to promptly provide the proper explanation of the basis relied on in the insurance policy in relation to the facts or applicable law for the denial of a claim.

83.    On information and belief, Endurance has never raised a coverage defense as to the Underlying Lawsuit and has not issued a reservation of rights.

84.    By virtue of their insurer-insured relationship, Endurance and Andersen were in a relationship of mutual expectation of service and reliance. The promises Endurance made and the services it undertook were services that, absent the exercise of reasonable care, could foreseeably create a risk of harm to Andersen. Endurance negligently performed its obligations under Oregon's Insurance Code. Among other things, Endurance:

      a.      Refused to accept and pay plaintiffs' settlement demand without conducting a reasonable investigation into all of the facts and law at play in the Underlying Lawsuit, including defense counsel's expert assessment of the facts, the law, and the jurisdiction;

      b.      Failed to respond to Andersen's several communications in regard to the settlement opportunity until one business day prior to the settlement demand's expiration;

Page 15 – **COMPLAINT**

PATERNOSTER FARNELL & GREIN, LLP
Attorneys at Law
1030 SW Morrison Street
Portland, Oregon 97205
TELEPHONE (503) 222-1812   FAX: (503) 274-7979

    c.    Did not attempt, in good faith, to promptly and equitably settle the Underlying Lawsuit once, according to defense counsel, the real risk of significant liability had become reasonably clear;

    d.    Has compelled the underlying plaintiffs and/or Andersen to initiate and maintain litigation to recover amounts due by offering substantially less than amounts ultimately recovered in actions brought by similar claimants; and

    e.    Failed to promptly provide the proper explanation of the basis relied on in the insurance policy in relation to the facts or applicable law for refusing to settle the Underlying Lawsuit.

85. Endurance's conduct violated ORS 746.230 and thus constitutes negligence *per se*. Andersen is within the group of persons the Oregon Legislature intended to protect in its passage of the Insurance Code generally and ORS 746.230 specifically.

86. Endurance American knew or should have known in the exercise of reasonable care as a corporation engaged in the business of marketing and selling insurance that one or more of its foregoing acts or omissions would create an unreasonable risk of harm to Andersen.

87. As a result of Endurance's breaches, Andersen has suffered economic and noneconomic damages in an amount to be proven at trial, but in no event less than $3 million, exclusive of interest.

88. Andersen is entitled to recover prejudgment interest at the statutory rate and all of its attorney fees pursuant to ORS 742.061.

Page 16 – **COMPLAINT**

PATERNOSTER FARNELL & GREIN, LLP
Attorneys at Law
1030 SW Morrison Street
Portland, Oregon 97205
TELEPHONE (503) 222-1812   FAX: (503) 274-7979

## JURY DEMAND

89. Andersen demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Andersen demands and prays for judgment in its favor and against Endurance as follows:

a. Direct and consequential economic damages in an amount to be proven at trial, but in no event less than $3 million, exclusive of interest.

b. All economic and noneconomic damages in an amount to be proven at trial, but in no event less than $3 million, exclusive of interest

c. All attorney's fees incurred by Andersen in seeking coverage from Endurance as required by ORS 742.061, together with all costs and disbursements incurred in this action;

d. Pre- and post-judgment interest at the maximum permissible rate at law or in equity; and

e. Such other and further relief as this Court deems just and equitable.

DATED this 13th day of October, 2025

Respectfully submitted,

PATERNOSTER FARNELL & GREIN, LLP

By: s/Michael E. Farnell
**Michael E. Farnell, OSB No. 922996**
**Gabriel J. LeChevallier, OSB No. 140553**
Telephone: (503) 222-1812
*Attorneys for Plaintiff, Andersen Construction Company of Oregon, LLC*

Page 17 – **COMPLAINT**

PATERNOSTER FARNELL & GREIN, LLP
Attorneys at Law
1030 SW Morrison Street
Portland, Oregon 97205
TELEPHONE (503) 222-1812   FAX: (503) 274-7979