Kevin A. Michael, OSB No. 106695
E-mail:kmichael@cozen.com
COZEN O'CONNOR
999 Third Avenue, Suite 1900
Seattle, WA 98104
Telephone: 206.340.1000

*Attorney for Defendant Endurance
American Specialty Insurance Company*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| ANDERSEN CONSTRUCTION COMPANY OF OREGON, LLC; an Oregon limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY, a Delaware insurance corporation, ,<br><br>Defendant. | Case No.: 3:25-cv-01878-AB<br><br>DEFENDANT ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY'S MOTION TO DISMISS<br><br>REQUEST FOR ORAL ARGUMENT |

## LR 7-1 CERTIFICATION

Endurance certifies that counsel for the parties conferred on January 9, 2026 in a good-faith effort to resolve the issues asserted in this motion and were unable to do so, thus necessitating this motion.

DEFENDANT ENDURANCE'S MOTION TO DISMISS- 1

## MOTION TO DISMISS

Pursuant to Rule 12(b)(6), Defendant Endurance American Specialty Insurance Company ("Endurance") move this Court to dismiss with prejudice the Third and Fourth causes of action in Plaintiff's Complaint for failure to state a claim upon which relief can be granted. In support of this Motion, Endurance relies on the Memorandum of Points and Authorities below.

WHEREFORE, Endurance moves the Court for an order:

A. Dismissing the Third and Fourth causes of action in Plaintiff's Complaint against Defendant with prejudice pursuant to Fed. R. Civ. P. 12(b) (6); and

B. Granting Endurance any such other relief deemed appropriate under the circumstances.

## MEMORANDUM OF POINTS AND AUTHORITIES

I. INTRODUCTION

Plaintiff Andersen Construction Company of Oregon, LLC ("Andersen") sues second-layer excess insurer, Endurance American Specialty Insurance Company ("Endurance"), seeking to transform a simple excess indemnity dispute into four separate claims. Andersen asserts that, shortly before trial in an underlying wrongful-death case, the underlying plaintiff issued a final settlement demand implicating the Endurance policy and the primary and first-layer excess policies issued by Crum & Forster. Andersen claims that Crum & Forster agreed to pay the limits of its policies, but Endurance declined to contribute, so Andersen "was forced to fund Endurance's share of the settlement."

Even taking those allegations as true, Andersen's claims for breach of fiduciary duty and negligence per se fail as a matter of law. Under Oregon law, a fiduciary-duty claim requires an insurer's undertaking of the insured's defense and control of the litigation—which Endurance did not do and, as an excess carrier, had no possible obligation to do. The negligence per se claim fails because the Complaint alleges no "legally protected interest" supporting a negligence claim, no violation of ORS 746.230 that could supply a standard of care for any negligence claim, and no reason why existing contract remedies do not provide sufficient relief. Therefore, those claims should be dismissed.

## II.    STATEMENT OF PLAINTIFF'S ALLEGATIONS

Andersen alleges it was a defendant in *Deschenes v. Andersen Construction Co.*, Case No. 24CV28320 (Or. Cir. Ct.) (the "Underlying Lawsuit"), a wrongful-death action arising from a fatal forklift accident at a construction project for which Andersen was general contractor. (Compl. ¶¶ 1–2, 24–26.) Andersen alleges Portland Public School District purchased an owner-controlled insurance program ("OCIP") for the project and Andersen was a named insured under the OCIP. (Compl. ¶¶ 3, 18.)

Andersen alleges the OCIP included a primary policy and first-layer excess policy issued by Crum & Forster and a second-layer excess policy issued by Endurance. (Compl. ¶¶ 5, 16–18.) The Complaint alleges Endurance's policy "follows form" to the Crum & Forster primary policy. (Compl. ¶ 17.) Andersen quotes the Crum & Forster primary insuring agreement as providing that Crum & Forster "will pay" sums the insured is legally obligated to pay as damages for bodily injury or property damage. (Compl. ¶ 19.)

Andersen alleges the Underlying Plaintiffs prayed for $131 million in damages and that Crum & Forster agreed to fund the defense of the underlying lawsuit under a reservation of rights. (Compl. ¶¶ 2, 31.) Andersen further alleges Endurance "never raised a coverage defense" and did not issue a reservation of rights. (Compl. ¶¶ 33, 50, 62.)

According to the Complaint, with trial set for December 8, 2025, the parties unsuccessfully attempted to mediate the matter on September 24, 2025. (Compl. ¶ 37.) Andersen alleges that the following day, the Underlying Plaintiffs issued a "final settlement demand," set to expire on October 5, 2025, which "implicated the policies of . . . Crum & Forster and Endurance." (Compl. ¶ 5.)

Andersen alleges Crum & Forster agreed the demand was reasonable and agreed to pay "to the extent of its contractual obligations," while other insurers in the OCIP likewise demanded that Endurance settle. (Compl. ¶¶ 6, 39, 40.) Andersen alleges Endurance refused, despite "repeated and urgent requests" from Andersen. (Compl. ¶ 6.) Andersen alleges Endurance refused to contribute "even $1" and provided "no law, let alone Oregon law," grounding its refusal. (Compl. ¶ 7.)

Andersen alleges Endurance received privileged defense reports, participated in mediation, and "directed Andersen's defense counsel to reject plaintiffs' settlement demand." (Compl. ¶ 51.) Andersen alleges the settlement demand presented opportunity to resolve the case on terms confirmed reasonable by defense counsel and other insurers, and that Endurance nonetheless refused. (Compl. ¶¶ 52, 64–65.) Andersen alleges Endurance thereby breached duties "to defend, to settle, and to indemnify," including an alleged obligation "to accept and fund reasonable settlements." (Compl. ¶¶ 49, 53.) Andersen alleges it accepted the settlement, "was forced to fund

Endurance's share," and now seeks to recover damages, prejudgment interest, and attorney fees. (Compl. ¶¶ 6, 54, 56–57.)

## III.   LEGAL STANDARD

When reviewing a motion to dismiss pursuant to Rule 12(b)(6), a court takes "all factual allegations set forth in the complaint . . . as true and construed in the light most favorable to plaintiffs." *Lee v. City of L.A.*, 250 F.3d 668, 679 (9th Cir. 2001). However, only well-pleaded facts are given a presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Conclusory allegations that "simply recite the elements of a cause of action" without supplying underlying facts to support those elements are not "entitled to the presumption of truth." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

## IV.   ARGUMENT

### A.   Plaintiff Cannot State a Claim for Breach of Fiduciary Duty.

Oregon courts hold that, where an insurer provides a defense to the insured, thereby "representing the insured's interest in litigation" and exercising "sole control of the settlement," the insurer "is charged with acting in a fiduciary capacity as an attorney in fact." *Farris v. U.S. Fid. and Guar. Co.*, 284 Or. 453, 460, 587 P.2d 1015 (1978).

In *Maine Bonding*, the Oregon Supreme Court recognized that "[p]roblems rarely arise" when a claim does not exceed the policy limits "because the interests of the insured and insurer are, for the most part, congruent." *Maine Bonding & Cas. Co. v. Centennial Ins. Co.*, 298 Or. 514, 519, 693 P.2d 1296, 1299 (1985). But, the parties' interests "begin to diverge" when the claimed amount exceeds policy limits, "because the insured alone has the responsibility to pay claims above the limits of liability." *Id.* Thus, an insurer must "exercise reasonable care to protect its insured's

interests, in addition to its own." *Id.* And, where an insured has excess insurance, the excess carrier's liability "is identical to that of an insured who has no excess coverage." *Id.* The primary insurer therefore owes the same duty of care to the excess carrier that it owes to an insured. *Id.*

The court's analysis demonstrates the principal that an insurer's fiduciary duties flow from and arise only when the insurer has undertaken the insured's defense, "and not from the mere existence of the right to defend." *Warren v. Farmers Ins. Co. of Or.*, 115 Or. App. 319, 325, 838 P.2d 620, 623 (1992). Likewise, when an insurer has not exercised its right to control the defense, no such duty exists. *Farris v. U.S. Fid. and Guar. Co.*, 284 Or. 453, 460, 587 P.2d 1015 (1978); *see also Warren v. Farmers Ins. Co. of Oregon*, 115 Or. App. 319, 325, 838 P.2d 620, 623 (1992) ("If the defense is not undertaken, the duty to exercise reasonable care does not arise.").

In the Complaint, Andersen alleges that Crum & Forster, not Endurance, had undertaken Andersen's defense and appointed defense counsel. (Compl. at ¶¶ 31, 41.) It alleges that Endurance received reports, participated in mediation, and "directed Andersen's defense counsel to reject" a settlement demand. (Compl. at ¶ 51.) But merely participating in negotiations or disagreeing over valuation, all while another carrier funds and controls the defense, does not create a fiduciary duty. *See Maine Bonding*, 298 Or. at 519, 693 P.2d at 1299; *see also Interstate Fire & Cas. v. Archdiocese of Portland*, 899 F. Supp. 498, 501 (D. Or. 1995) (excess indemnity carrier had not undertaken insured's defense by participating in settlement negotiations). Because Andersen is unable to establish that Endurance owed a fiduciary duty, its claim for breach of fiduciary duty must be dismissed.

### B.     Plaintiff Cannot State a Claim for Negligence Per Se.

Under Oregon law, "negligence per se … is a shorthand descriptor for a negligence claim in which the standard of care is expressed by a statute or rule." *Moody v. Or. Cmty. Credit Union*, 371 Or. 772, 781 (2023) (citing *Deckard v. Bunch*, 358 Or. 754, 761 n.6, 370 P.3d 478 (2016)). A statutory violation may establish a presumption of negligence only when "a negligence claim *otherwise exists*." *Id.* (quoting *Deckard*, 358 Or. at 761) (emphasis in original). In other words, Andersen must establish that Endurance engaged in conduct that "unreasonably created a foreseeable risk to a protected interest of the kind of harm that befell the plaintiff," and that the conduct caused such harm. *Liquid Agents Healthcare, LLC v. Evanston Ins. Co.*, 2024 WL 4874288, at *4 (D. Or. Oct. 30, 2024) (quoting *Fazzolari v. Portland Sch. Dist. No. 1J*, 303 Or. 1, 17, 734 P.2d 1326 (1987)).

#### 1.     Andersen does not allege a legally protected interest

In *Moody*, the Oregon Supreme Court held that ORS 746.230 could supply the standard of care for a negligence claim asserted by an insured with a sufficient "legally protected interest" to support a claim against her insurer for emotional distress damages. *Moody*, 371 Or. at 781–82. The court found that the relationship between a life insurance carrier and the plaintiff, a beneficiary under her husband's life insurance policy, was sufficient to create a "legally protected interest" in certain "narrow" circumstances, such as payment of death benefits under life insurance. *Id.* at 805-06. Further, the life insurer had undertaken this relationship to provide her with specific insurance benefits and its negligence in doing so could foreseeably cause emotional harm to the insured, given that the policy provided benefits for her spouse's death. *Id.* at 800.

Andersen does not establish a sufficient "legally protected interest". It alleges only that "the Insurance Code was enacted 'for the protection of the insurance-buying public.'" (Compl. at ¶ 80.) Andersen's position is apparently that any breach of an insurance contract is automatically also a tort claim because the Insurance Code exists. But the *Moody* court specifically foreclosed such a broad application of its ruling. *Moody*, 371 Or. at 806 ("We caution that our conclusion here does not . . . make every statutory violation the basis for a common-law negligence claim."). Here, there is no such interest, no emotionally fraught relationship such as with a life insurance beneficiary, no conceivable claim of emotional distress or other personal injury, and no existing duty in tort for which the Oregon statute could supply a standard of care. Andersen's claim is purely contractual and purely financial—a large corporation claiming that its insurer failed to indemnify it for a finite dollar amount under a commercial excess liability policy. Therefore, the *negligence per se* claim fails as a matter of law.

2. <u>Andersen does not sufficiently allege Endurance violated ORS 746.230.</u>

The allegations in the Complaint fail to establish that Endurance violated ORS 746.230. Thus, Andersen cannot state a claim for negligence per se. *Hayter v. Travelers Indem. Co.*, 793 F. Supp. 3d 1283, 1293 (D. Or. 2025).

Andersen alleges that Endurance "[r]efused to accept and pay plaintiffs' settlement demand without conducting a reasonable investigation" and "[f]ailed to promptly provide the proper explanation of the basis relied on in the insurance policy . . . for refusing to settle the Underlying Lawsuit[.]" (Compl. at ¶ 82 a, e.) Under ORS 746.230, it is an unfair claims practice for an insurer to "[r]efus[e] to pay claims without conducting a reasonable investigation based on all available information," or "[f]ail[] to promptly provide the proper explanation of the basis relied on in the

insurance policy in relation to the facts or applicable law for the denial of a claim." ORS 746.230(1)(d), (m).

The Complaint does not allege that Endurance denied Andersen's insurance claim. Indeed, Andersen alleges to the contrary: that Endurance "has interposed no coverage defenses," "has never raised a coverage defense," and "has not issued a reservation of rights." (Compl. ¶¶ 7, 50.) Rather, Endurance allegedly disagreed on the valuation of the Underlying Plaintiffs' claim and therefore withheld consent to the settlement. A disagreement over the value of a claim does not establish a statutory violation. *Hayter v. Travelers Indem. Co.*, 793 F. Supp. 3d 1283, 1294 (D. Or. 2025).

Andersen also alleges that Endurance "[f]ailed to respond to Andersen's several communications in regard to the settlement opportunity until one business day prior to the settlement demand's expiration[.]" (Compl. at ¶ 82 b.) Oregon's unfair claims statute prohibits an insurer from "[f]ailing to affirm or deny coverage of claims within a reasonable time after completed proof of loss statements have been submitted" or "[n]ot attempt[], in good faith, to promptly and equitably settle claims in which liability has become reasonably clear[.]" ORS 746.230(e), (f). First, the Complaint does not allege that liability was "reasonably clear"; to the contrary, it alleges only that the proposed settlement was a "reasonable" compromise of a heavily litigated underlying dispute that was headed to trial. Second, an insurer allegedly taking nine days to respond to settlement communications does not constitute a violation of the statute, particularly where the deadline to respond to a settlement demand had not passed. *Hayter v. Travelers Indem. Co.*, 793 F. Supp. 3d 1283, 1294 (D. Or. 2025) (holding that "no reasonable juror could find" an

insurer's response one day after expiration of settlement demand was a violation ORS 746.230(1)(f)).

Finally, Andersen asserts that Endurance "[h]as compelled the underlying plaintiffs and/or Andersen to initiate and maintain litigation to recover amounts due by offering substantially less than amounts ultimately recovered in actions brought by similar claimants." (Compl. at ¶ 84 d.) It is a violation of Oregon's claims handling statutes for an insurer to "[c]ompel[] claimants to initiate litigation to recover amounts due by offering substantially less than amounts ultimately recovered in actions brought by such claimants." Andersen does not allege that Endurance made a settlement offer which compelled it to file suit. To the contrary, Andersen alleges that "Endurance refused to contribute even $1 to a settlement." (Compl. at ¶ 7) Moreover, Endurance is not alleged to have offered less than the full settlement and demanded that Andersen contribute. Rather, according to the Complaint, Endurance's position was that the Underlying Plaintiffs' settlement demand was unreasonable and should be rejected altogether, with neither Endurance **nor Andersen** paying the excess amount. Thus, Andersen fails to establish that Endurance violated ORS 746.230(1)(g). *Harris v. Safeco Insurance Company of Illinois*, 2025 WL 2663128, at *11 (finding no violation of ORS 746.230(1)(g) where insurer did not make an offer).

Because Andersen cannot establish that Endurance violated ORS 746.230, its negligence per se claim should be dismissed.

       3.      <u>Andersen fails to establish that the existing remedies are inadequate.</u>

The Complaint also fails to allege that the existing remedies are inadequate to provide Andersen with the relief sought. The Oregon District Court found that, in determining whether a plaintiff can maintain a negligence per se claim under ORS 746.230, *Moody* requires a court to

examine three factors: (1) "[w]hether the claim is supported by the statute's provisions and the policies the statute intends to promote; (2) "[w]hether statute provides advance warning regarding what specific conduct is prohibited; and (3) "[w]hether existing remedies adequately provide relief." *Liquid Agents Healthcare, LLC v. Evanston Ins. Co.*, 2024 WL 4874288, at *5 (D. Or. Oct. 30, 2024) (citing *Moody*, 371 Or. at 789.).

There, the insurer improperly denied a defense to its insured and to an additional insured under the policy. *Liquid Agents*, 2024 WL 4874288, at *1. The insured sent a letter notifying the insurer that its refusal to defend and indemnify the additional insured would lead to a loss of the business relationship between the insured and additional insured and result in lost profits. *Id.* at *4. Under the third prong of the negligence per se analysis, the court found that existing remedies did not provide adequate relief for the insured's lost profits. *Id.* at 7-8. The court reasoned that, while the insured had a viable breach of contract claim for the insurer's wrongful failure to defend, lost profits were only recoverable under a contractual claim if they were "reasonably foreseeable at the time the contract was executed." *Id.* Under a claim for negligence, a plaintiff may recover lost profits that were "reasonably foreseeable at the time the defendant engaged in negligent conduct." *Id.* at *7 (internal citations omitted). Thus, the court found that the insured's existing remedies—a breach of contract claim—were inadequate because the insured could not recover its lost profits.

Andersen fails to allege it sustained damages outside of those available under the contract. For both its breach of contract and negligence per se claims, Andersen alleges that it "has suffered economic and noneconomic damages in an amount to be proven at trial, but in no event less than $3 million, exclusive of interest." (Compl. at ¶¶ 56, 87.) In other words, on both claims,

Andersen's alleged "damages" are the same—the excess amount it voluntarily paid toward settlement of the underlying action, plus unspecified and utterly implausible "noneconomic" damages. If Andersen establishes that Endurance breached the contract by declining to consent to the settlement, then the contract claims are fully adequate to address that financial loss. Conversely, if the policy did not require Endurance to accept and pay the settlement, then there can be no possible claim for negligence, either.

## V.  CONCLUSION

Endurance respectfully requests that this Court dismiss the Third and Fourth Causes of Action in the Complaint with prejudice.

DATED this 12th day of January, 2026.

        COZEN O'CONNOR

By: */s/ Kevin A. Michael*
Kevin A. Michael, OSB No. 106695
E-mail:   kmichael@cozen.com
COZEN O'CONNOR
999 Third Avenue, Suite 1900
Seattle, WA 98104
Telephone: 206.340.1000

*Attorneys for Defendant Endurance American Specialty Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on January 12, 2026, I electronically filed the following documents with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record as indicated below via CM/ECF System.

Michael E. Farnell, OSB No. 922996
E-mail: mfarnell@pfglaw.com
Gabriel J. LeChevallier, OSB No. 140553
E-mail: glechevallier@pfglaw.com
PATERNOSTER FARNELL & GREIN, LLP
1030 SW Morrison Street
Portland, Oregon 97205
Telephone: (503) 222-1812
Facsimile: (503) 274-7979
[Type names of documents]

DATED this 12th day of January, 2026.

                COZEN O'CONNOR


By: _/s/ Kevin A. Michael_____
Kevin A. Michael, OSB #106695
E-mail:   kmichael@cozen.com
COZEN O'CONNOR
999 Third Avenue, Suite 1900
Seattle, WA 98104
Telephone: 206.340.1000
Toll Free Phone: 800.423.1950

DEFENDANT ENDURANCE'S MOTION TO DISMISS- 13